IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARRIAN DANIELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:21-CV-529-MAB** |
| | ) | |
| **JOSHUA SCHOENBECK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on various motions filed by Plaintiff and Defendants.

### A. Defendants' Motion to Strike Doc. 85 (Doc. 90)

In this motion, Defendants ask the Court to strike Plaintiff's "Very Important Notice" at Doc. 85, arguing that Plaintiff continues to submit redundant filings that are delaying the resolution of his motion to reconsider (Doc. 90). They further argue that Plaintiff's submissions "are nothing more than grievances seeking Court intervention in the day to day operations of the prison" (*Id.*).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "While Rule 12(f) does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions," *City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 WL 566805, at *11

(N.D. Ill. Feb. 13, 2013) (St. Eve, J.) (collecting cases), based on their inherent authority to strike unauthorized filings and otherwise control and manage their docket. *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Motions to strike, however, are generally disfavored, and there is a general judicial consensus that they should be denied unless the filing has "no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed.); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Here, the filing at issue may be redundant and unnecessary, but it is undoubtedly related to the litigation and the Court has no reason to believe it has caused Defendants any type of significant prejudice. Consequently, the motion to strike is denied. However, Plaintiff is admonished that he should stop filing Notices that are merely informational and do not seek any type of relief or action from the Court.

**B. Plaintiff's Motion to Reconsider** (Doc. 54) **and Third Motion to Supplement the Record** (Doc. 82) **and Defendants' Motion to Strike** (Doc. 84)

In this case, Plaintiff alleges that he was housed in segregation in the North II cellhouse at Menard (*see* Doc. 52). When his time in segregation was up in October 2019, he was told to move to the East cell house, but he refused to leave segregation because he was afraid that he would be celled with a mentally ill inmate and his life would be in danger (*see id.*). His refusal led to him getting another ticket and more time in segregation and started the cycle all over (*see id.*). This same cycle continued over and over, resulting

in Plaintiff being continuously housed in segregation for over two years (*see id.*).

On June 9, 2021, Plaintiff filed a Motion for Temporary Restraining order and/or Preliminary Injunction, asking the Court to issue an order requiring Menard officials to remove him from segregation and house him around non-mentally ill inmates (Doc. 4). The request for a TRO was immediately denied (Doc. 5). Following additional briefing and a hearing, the request for a preliminary injunction was denied on October 14, 2021 (Doc. 52). Four days later, on October 18th, Plaintiff filed a motion asking the Court to reconsider the denial (Doc. 54). Then on October 21st, he filed a supplement to his motion (Doc. 55). Defendants filed a timely response in opposition to Plaintiff's motion to reconsider (Doc. 56), to which Plaintiff filed a reply (Doc. 57). Two and a half months later, on February 11, 2022, Plaintiff filed a second supplement to his motion (Doc. 71). Another four months later, on June 2, 2022, he filed a "Third Motion to Supplement the Record" (Doc. 82). Defendants then filed a motion to strike Plaintiff's "Third Motion to Supplement the Record" to stop Plaintiff from continuing to file piecemeal arguments to his motion to reconsider (Doc. 84).

The Court turns first to Plaintiff's "Third Motion to Supplement the Record." In this motion, Plaintiff asserted that on May 26, 2022, he finally complied with orders to move to the East cell house and he was placed in a cell with a seriously mentally ill inmate, which is what Plaintiff always feared would happen (Doc. 82). A district court may reconsider a prior decision when there has been a significant change in the facts of the case since the parties presented the issue to the court. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d

1185, 1191 (7th Cir. 1990)). Here, Plaintiff is arguably asserting a significant change in facts, but it is not clear that his new circumstances warrant a preliminary injunction. He seems to think there is a blanket prohibition on placing a non-mentally ill inmate in a cell with an inmate designated as "seriously mentally ill" (Doc. 82, p. 3), but none of the cases he cited to state such a rule. Furthermore, Defendants have not had a chance to counter Plaintiff's assertions that his change in circumstances entitles him to a preliminary injunction. Additional briefing from both parties is required in order for the Court to decide the issue. Therefore, rather than allowing Plaintiff to supplement his existing motion to reconsider with allegations that he is now in general population and housed with a mentally ill inmate, the Court believes the best course of action is for Plaintiff to file a new motion for preliminary injunction. But Plaintiff's motion to supplement does not need to be stricken from the docket; it can simply be denied. Accordingly, Defendants' motion to strike is denied, as is Plaintiff's "Third Motion to Supplement the Record."

Turning next to Plaintiff's motion to reconsider, the Court has reviewed the parties' briefs, the previous Order, and the relevant legal authority. Nothing that Plaintiff said persuades the Court that its previous decision to deny his request for a preliminary injunction was incorrect. The Court remains convinced that denying Plaintiff's request was the right result. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion [to reconsider] that merely republishes the reasons that had failed to convince the [court] in the first place gives the [court] no reason to change its mind."). Accordingly, Plaintiff's motion to reconsider is denied.

### C. Plaintiff's Motion to Supplement His Response to the Defendants Motion on Exhaustion (Doc. 72)

Plaintiff wants to supplement his response to Defendants' motion for summary judgment on the issue of exhaustion with a Declaration from Travis Baylor, the chairperson of the Administrative Review Board, that explains the rules regarding the grievance procedure. The motion is denied. Plaintiff does not indicate how he obtained the Declaration or provide any other information to authenticate it (*see* Doc. 72). Additionally, the information contained in the Declaration is not needed. The undersigned has handled many motions for summary judgment on the issue of exhaustion and is very familiar with the IDOC's grievance procedures. The procedures are also available in the Illinois Administrative Code and case law.

### D. Plaintiff's "Motion for Extension of Time (stay)" (Doc. 79)

Plaintiff indicates that he is worried prison officials may have altered his response to Defendants' motion for summary judgment before sending it out in the mail. He asks the Court for a "14 day stay" to review his response and send in any clarification/supplement that he finds necessary. This motion is moot. It is clear from the docket and Plaintiff's subsequent submissions that he had sufficient time to review his response and take action (*see* Doc. 80).

### E. Plaintiff's Motion for Sanctions (Doc. 81)

In this motion, Plaintiff asks the Court to sanction Defendants because he believes they tampered with his Response to Defendant Wills' motion for summary judgment on the issue of exhaustion. Specifically, Plaintiff asserts that he mailed his Response on April

20, 2022 (Doc. 81, p. 1) (and that is, in fact, the date it was postmarked (*see* Doc. 77, p. 41)). When Plaintiff still had not received a notice of electronic filing (NEF) by April 27th confirming that his response had been filed with the Court, he "sneak filed" a "Notice" to let the Court know that he had mailed in the Response (Doc. 81, p. 1; *see* Doc. 76). He said "sneak filed" because he mailed out the Notice under another prisoner's name rather than his own (*see* Doc. 76, p. 3). The Court received the Notice two days later on April 29th (*see* Doc. 76). When Plaintiff saw that the Court received his Notice before his earlier-mailed Response, he submitted another "Notice" on May 4th under another prisoner's name, asking the Court not to hold him responsible if his Response was not received by the deadline (Doc. 81, p. 1; *see* Doc. 78). Incidentally, his Response was received by the Court and filed that same day (Doc. 77), two weeks after Plaintiff mailed it.

Plaintiff claims his Response was delayed in arriving at the Court because Defendants had it in their possession and they also opened the envelope and altered part of his Exhibit 1-A to "erase every part of the exhibit that show-case [sic] Plaintiff complaining about Defendant Wills refusing to respond to the grievances [Plaintiff] was sending to him" regarding the incidents at issue in this case (Doc. 81, pp. 2, 3; *see* Doc. 77, pp. 19–22). He claims "[i]t's a fact" that they did so (Doc. 81, p. 3).

"[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citations omitted). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable

party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* (citations omitted).

Here, it is true that two pages of a four-page letter submitted as an exhibit to Plaintiff's Response are messed up (*see* Doc. 77, pp. 19–22). And it is curious that it took two weeks for the Court to receive Plaintiff's Response after it was postmarked. Other submissions from him that were mailed out under other prisoner's names (*see, e.g.*, Docs. 79, 80), as well as his own name (*see, e.g.*, Docs. 81, 82, 85, 86), only took two or three days to arrive at the Court. However, Plaintiff's assertion that one of the Defendants is personally to blame for altering the Exhibit and delaying receipt of the Response is purely speculative. He has absolutely no evidence to support his contentions. The Court further notes that mail delays are not unheard of; they happen. And it is entirely possible that the appearance of his Exhibit is due to an error by Court personnel in scanning the papers or a glitch with the Court's equipment. For these reasons, Plaintiff has not established that sanctions are warranted, and his motion is denied.

### F. Transcript from Pavey Hearing

Plaintiff indicated a number of times that his Response to Defendants' motion for summary judgment on the issue of exhaustion, (Doc. 77), contained an "alter[ed]" copy" (meaning it was missing several pages when he received it) of a transcript from a *Pavey* hearing in another case (Doc. 81, p. 1; Doc. 78, p. 1). However, no such transcript was filed as part of Plaintiff's Response (*see* Doc. 77). If Plaintiff wants the Court to review the transcript before the *Pavey* hearing in the instant case on August 25, 2022, he can simply file a response to this Order and tell the Court the case number in which the transcript

appears. The Court can then locate the transcript and review it.

<u>C</u>ONCLUSION

Defendant's Motion to Strike Doc. 85 (Doc. 90) is **DENIED.**

Plaintiff's Motion to Reconsider (Doc. 54) and Third Motion to Supplement the Record (Doc. 82) and Defendants' Motion to Strike (Doc. 84) are **DENIED**.

Plaintiff's Motion to Supplement His Response to the Defendants Motion on Exhaustion (Doc. 72) is **DENIED**.

Plaintiff's "Motion for Extension of Time (stay)" (Doc. 79) is **MOOT.**

Plaintiff's Motion for Sanctions (Doc. 81) is **DENIED.**


**IT IS SO ORDERED.**

**DATED: August 18, 2022**

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**